## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARIUS JUAN BLOOMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.  CIV-06-850-F |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence, filed August 7, 2007 (doc. no. 46), wherein defendant seeks to strike various exhibits submitted by plaintiff in support of his response and objection to defendant's summary judgment motion.  Having reviewed the parties' submissions, the court makes its determination.

Initially, defendant seeks to strike exhibit nos. 16, 17, 18, 21, and 40 in their entirety.  These exhibits are all correspondence between plaintiff and a third-party, the Teamsters Local Union No. 886.  Defendant objects to the exhibits on the basis that there is no sworn affidavit or testimony supporting the admission of the exhibits and that the exhibits constitute hearsay.  Plaintiff in response states that exhibit nos. 16, 17 and a portion of 40 are grievances submitted by him and that, as their author, he has personal knowledge of their content and substance.  Plaintiff states that he will be able to testify at trial as to the truth and substance of the letters.  As to exhibits nos. 17, 21 and a portion of 40, plaintiff states that these letters are the results of his grievances and that he will be able to present witnesses, such as his union representative, to testify at trial as to their substance and content.  Both plaintiff and

his union representative have submitted supplemental affidavits stating that the content and substance of the correspondence is based upon their own personal knowledge and experience and is accurate to the best of their knowledge.

The court declines to strike exhibits nos. 16, 17, 18, 21 and 40. A non-moving party need not produce evidence in an admissible form. The content or substance of the evidence must be admissible. Thomas v. International Business Machines, 48 F.3d 478, 485 (10th Cir. 1995). Plaintiff represents that he and the union representative will be available to testify at trial as to the substance and content of the challenged exhibits. The record reflects that these witnesses are competent to testify as to the matters addressed in the correspondence. Because the content and substance of the letters is reducible to admissible evidence in the form of trial testimony, the court concludes that it may be considered at the summary judgment stage. Catrett v. Johns-Manville Sales Corp., 826 F.2d 33, 38 (C.A.D.C. 1987). Furthermore, the court notes that plaintiff and the union representative have submitted supplemental affidavits which identify the challenged documents and state that they are accurate to the best of their knowledge. Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 137 (7th Cir. 1985) (If a party seeks to offer evidence through exhibits other than depositions, answers to interrogatories, admissions or affidavits, such exhibits "must be identified by affidavit or otherwise made admissible in evidence.").

Next, defendant seeks to strike exhibit no. 19, which consists of a chronology of events prepared by plaintiff. Defendant objects to the exhibit on the basis that it is not sworn, nor is it supported by sworn testimony. Defendant also asserts that the exhibit is self-serving and amounts to nothing more than hearsay evidence. Further, defendant states the chronology, at page 6, contains statements by a supervisor and a co-worker which are also hearsay. Plaintiff counters that the chronology is admissible as a recorded recollection which will be presented for the purpose of enabling plaintiff

to testify fully and accurately.   Plaintiff also states that he can authenticate the document at trial and testify as to its content and substance.  He also asserts that the statement of the supervisor is non-hearsay because it is an admission by a party-opponent.  As to the statement of the co-worker, plaintiff states that it is not hearsay as it is not being submitted for the truth of the matter asserted, but to show the effect of the statement on plaintiff's state of mind.

The court rejects plaintiff's argument that exhibit no. 19 is admissible under Fed. R. Evid. 803(5).  A recorded recollection is admissible at trial only if offered by the adverse party.  *Id*.  Nonetheless, the court declines to strike the exhibit.  The content and substance of the chronology of events is reducible to admissible evidence through plaintiff's trial testimony.  Catrett, 826 F.2d at 38.  Additionally, plaintiff has submitted a supplemental affidavit which identifies the challenged document and states that it is accurate to the best of his knowledge.  Martz v. Union Labor Life Ins. Co., 757 F.2d at 137.   As to the statement of the supervisor recounted in the chronology, the court concludes, on the basis of the evidence before it, that the statement is not hearsay within the meaning of Fed. R. Evid. 801(d)(2)(D) and is not excludable under Fed. R. Evid. 802.  As to the statement of the co-worker, the court also concludes that, based upon plaintiff's representations, the statement is not hearsay because it is not offered by plaintiff for the truth of the matter asserted.

Defendant additionally seeks to strike exhibit no. 23, which is the same exhibit as defendant's exhibit no. 22 in support of its motion but which also contains plaintiff's handwritten comments on the exhibit.  Defendant objects to plaintiff's handwritten comments as unsworn, self-serving, hearsay comments.  Again, plaintiff states that he will be able to testify as to his handwritten notes at trial.  He also submits a supplemental affidavit stating that he has knowledge of the facts stated and that they are true and correct.

Because it appears the content and substance of the handwritten notes will be reduced to admissible evidence in the form of trial testimony and because plaintiff has presented an affidavit identifying the notes and stating that they are accurate, the court declines to strike exhibit no. 23. <u>Catrett,</u> 826 F.2d at 38; <u>Martz v. Union Labor Life Ins. Co.</u>, 757 F.2d at 137.

In addition, defendant seeks to exclude paragraphs 6 and 11 of exhibit no. 39, plaintiff's declaration. According to defendant, paragraphs 6 and 11 contain hearsay statements which are not saved under any hearsay exception. Specifically, defendant asserts that the paragraphs recount statements allegedly made to plaintiff by his workers' compensation doctor and the "McBride Clinic." Plaintiff contends that the doctor's statement expressing a need for surgery and expressing an intent to notify and obtain approval from defendant and the insurance company is admissible under Fed. R. Evid. 803(3). Plaintiff also asserts that the statements of the doctor and McBride Clinic will be reduced to an admissible form at trial as the doctor and representatives of McBride Clinic will be called to testify as to the substance and content of the statements.

The court concludes that the doctor's statement to plaintiff is admissible under Fed. R. Evid. 803(3). The court therefore declines to strike paragraph 6. The court concludes, however, that the statement from "McBride Clinic," should be stricken. Plaintiff does not identify the representative who made the statement. Although plaintiff states that representatives from McBride Clinic will be called to testify as to the substance and content of the statements, plaintiff has not established that the evidence will be reducible to admissible evidence in the form of trial testimony. The plaintiff has not shown that the representative or representatives he intends to call at trial will be competent to testify as to the content and substance of the statement. As plaintiff has not shown that the evidence is admissible through an exception of

4

hearsay rule, the court concludes that the evidence must be excluded from consideration. Defendant's motion shall be granted as to paragraph 11 of exhibit no. 39.

Defendant further seeks to strike exhibits no. 27 and 35, which are potions of transcripts from plaintiff's grievance hearings in August 2004 and August 2005. In particular, defendant objects to the grievance hearing statements by the union representative. Defendant contends that the statements are inadmissible hearsay. Plaintiff, in response, asserts that the union representative will be a witness at trial and the statements will be reduced to admissible evidence in the form of his trial testimony. The union representative has also submitted a supplemental affidavit stating that the content and substance of his testimony is true and accurate to the best of his knowledge and recollection.

Because the content and substance of the statements of the union representative will be reduced to admissible evidence through trial testimony and the union representative has submitted a supplemental affidavit stating that the content and substance of his statements is true and accurate, the court declines to strike exhibit nos. 27 and 35. Catrett, 826 F.2d at 38; Martz v. Union Labor Life Ins. Co., 757 F.2d at 137.

Finally, defendant seeks to strike certain statements in exhibit no. 30, the affidavit of Eric Parker. First, defendant seeks to strike the following statements from paragraphs 2, 3, 4 and 5 of Mr. Parker's affidavit:

> I believe my pretextual discharge for alleged "dishonesty" was directly related to my having testified for [plaintiff].
>
> * * * *
>
> Consistently, UPS Package Car Drivers were discouraged from filing Workers' Compensation Claims for fear of retaliation.

* * * *

[Defendant]'s act of interfering with [plaintiff's] medical appointments and its litany of written warnings and covert observations following his return to work around January of 2003 appeared designed to discourage Package Car Drivers, including myself, from opposing management in the future.

* * * *

No UPS Package Car Driver performed using all [defendant]'s 'safe work methods' 100% of the time.

Defendant objects to these statements on the basis that Mr. Parker fails to offer any explanation as to how he obtained personal knowledge to support these statements. Defendant asserts that the statements are conclusory and speculative. Plaintiff has submitted a supplemental affidavit of Mr. Parker. In the affidavit, Mr. Parker has stricken paragraph 4 of his prior affidavit. The court therefore shall treat that statement of Mr. Parker in paragraph 4 as stricken. Although not specifically stating in the supplemental affidavit that the challenged statement in paragraph 3 is stricken, Mr. Parker has excluded that statement in his supplemental affidavit. The court therefore concludes that the challenged statement in paragraph 3 should be treated as stricken.

In the supplemental affidavit, Mr. Parker has elaborated more on his statement in paragraph 2 of his original affidavit. Mr. Parker specifically states:

> I believe my discharge for alleged "dishonesty" was directly related to my having testified for [plaintiff]. I believe my termination was pre-textual because I did not behave "dishonestly" and management did not provide a legitimate basis for my termination. I believe [defendant] terminated me for testifying against it because management's attitude changed towards me following my testifying against it at the 2002 trial . . . .

6

The court declines to strike the statement of paragraph 2, as further explained by Mr. Parker. The court concludes, at least for present purposes, that Mr. Parker may properly testify as to his belief as to why he was terminated. This conclusion, at this juncture, does not foreclose further consideration of the admissibility of this testimony at trial.

The court also declines to strike the statement in paragraph 5 of the affidavit. In the supplemental affidavit, Mr. Parker indicates that his statement that "[n]o UPS Package Car Driver performed using all [defendant]'s 'safe work methods' 100% of the time" is "[b]ased upon my experience as a Package Car Driver and based on my observations as a Union Steward." In light of this additional information supplied by Mr. Parker, the court declines to strike the statement in paragraph 5. (Taken literally, this statement asserts, as fact, more than Mr. Parker could possibly know. Although this statement is not stricken, it is unlikely that this statement, literally read, will have much impact on the court's consideration of the motion for summary judgment.)

Next, defendant seeks to strike the remaining statement in paragraph 3 that an employee of defendant told Mr. Parker that "any employee who files a workers compensation claim with [defendant] is put on a hit list." Defendant contends that the statement constitutes hearsay because Mr. Parker fails to show that the subject employee was a supervisor at the time the statement was made. According to defendant, the employee at issue did not become a supervisor until two years after Mr. Parker was discharged from defendant's employment. Plaintiff, in response, asserts that Mr. Parker and the subject employee remained friends after his discharge and that the statement was made to Mr. Parker after the employee had become a supervisor for defendant. Plaintiff therefore argues that the statement is an admission by a party opponent pursuant to Fed. R. Evid. 801(d)(2)(D) and should not be stricken.

The court concludes that plaintiff has failed to establish that the statement of the subject employee is an admission by a party opponent under Fed. R. Evid. 801(d)(2)(D). Plaintiff has failed to show that the statement was "a statement by the party's agent or servant concerning a matter within the scope of agency or employment, made during the existence of the relationship." *Id.* Because plaintiff has not established that the statement is not hearsay under Fed. R. Evid. 801(d)(2) and has not established the applicability of any exception to the hearsay rule, the court concludes that the remaining portion of paragraph 3, which recounts the purported "hit list" statement by the subject employee, should be stricken.

Finally, defendant seeks to strike the statements in paragraph 1 of Mr. Parker's affidavit indicating that defendant did not have a written rule or policy prohibiting cell phone use and that defendant allowed and encouraged drivers to make calls concerning delivery and pick up. Defendant states that Mr. Parker's employment was terminated in 2004 and, consequently, that nothing that occurred after 2004 can be based upon Mr. Parker's personal knowledge. Plaintiff in response states that defendant has not alleged that it adopted new or different policies respecting cell phone use following Mr. Parker's termination. As the status quo was maintained, plaintiff contends that the Mr. Parker's statement is probative of defendant's longstanding policy and practice respecting cell phone use. The court declines to strike Mr. Parker's statements in paragraph 1. Although defendant had the opportunity in reply to indicate whether a new or different policy as to cell phone usage had been implemented after Mr. Parker's termination, defendant made no such assertion. The court concludes, at least for present purposes, that Mr. Parker's statements are admissible.

Based upon the foregoing, Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence, filed August 7, 2007 (doc. no. 46), is **GRANTED** as to paragraph

11 of exhibit no. 39 and paragraphs 3 and 4 of exhibit no. 30 and **DENIED** in all other respects.

DATED September 19, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0850p015(pub).wpd